SUMMARY ORDER
Plaintiffs-Appellants, various creditors of Le Nature’s, Inc. (“Le Nature’s”), challenge the August 28, 2008 decision of the district court (Chin, J.), dismissing their RICO claims against Defendants-Appel-lees as unripe. We assume the parties’ familiarity with the facts, procedural history, and issues on appeal.
We have previously concluded,
A cause of action does not accrue under RICO until the amount of damages becomes clear and definite. Thus, a plaintiff who claims that a debt is uncollectible because of the defendant’s conduct can only pursue the RICO treble damages remedy after his contractual rights to payment have been frustrated.
First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 768 (2d Cir.1994) (internal citations omitted).
Appellants, who seek recovery of the value of a loan they made to Le Nature’s, allege that the Appellees conspired to induce them to invest in Le Nature’s by fraudulently misrepresenting the state of the company’s finances. After Le Nature’s was placed in involuntary bankruptcy, a Liquidation Trust was created, with the support of the Appellants, to marshal *713 estate assets and bring claims against those responsible for Le Nature’s collapse. The Trustee has since filed an action in the Western District of Pennsylvania against various defendants, seeking recovery, inter alia, on the loan at issue in this case. Although Appellants acknowledge the possibility of some recovery through the bankruptcy proceedings, they argue that “[i]t does not follow, however, that [Appellants] are barred from seeking to recover for their own injuries in this action merely because they might also recover from the Trust.” We disagree.
Several cases guide our decision. In Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1106 (2d Cir.1988), we concluded that no cause of action had accrued in a RICO case because it was “impossible to determine the amount of damages that would be necessary to make plaintiff whole, because it is not known whether some or all of the fraudulently transferred funds will be recovered by the corporation.” Specifically, we noted that should the funds be recovered, the plaintiff would recover along with the other creditors and its injury would decrease; accordingly, we determined that the damages were only “speculative” and “unprovable,” and dismissed “any claim for relief based on the lost-debt injury.” Id. Exactly the same reasoning applies to the Appellants here; because of the pending bankruptcy actions, Appellants’ damages are still unknown.
Similarly, in Motorola Credit Corp. v. Uzan, we determined that,
The clear and definite amount of damages suffered by a secured creditor who is fraudulently induced to make a loan and seeks to recover the value of the loan itself, cannot be established until it is finally determined whether the collateral is insufficient to make the plaintiff whole, and if so, by how much.
322 F.3d 130, 135 (2d Cir.2003) (per curiam) (internal quotations omitted). Therefore, the plaintiffs RICO claims against the defendant were not ripe, even though we recognized that recovery in the pending action might be a “forlorn hope.” Id. at 137. Again, this case is analogous; if the Trustee succeeds in its recovery actions, Appellants, as first-in-line creditors, will potentially experience some recovery on the loan they claim damages for here.
Appellants’ attempts to distinguish Bankers Trust and Uzan fail. First, although they argue that Bankers Trust is limited to the narrow circumstances of where the “alleged injury occurs within the bankruptcy case itself and can be redressed within that case before it concludes,” we no language in the opinion or in subsequent opinions confining the holding in that case to its facts. Further, the Appellants argue that Uzan is limited to cases where a plaintiff has failed to exhaust its contractual remedies, but Uzan’s reasoning broadly extends to non-contractual remedies as well.
Therefore, because bankruptcy proceedings are still pending, and because it cannot now be determined whether those proceedings will mitigate or remedy Appellants’ damages, we conclude that their claims are not yet ripe.
For the foregoing reasons, the judgment of the district court is AFFIRMED.